**MIDWEST RESEARCH INSTITUTE,**
Appellee,

v.

**UNITED STATES of America,**
Appellant.

**MIDWEST RESEARCH INSTITUTE,**
Appellant,

v.

**UNITED STATES of America, Appellee.**

Nos. 83–1468, 83–1969, 83–1469
and 83–1835.

United States Court of Appeals,
Eighth Circuit.

Submitted May 17, 1984.

Decided Sept. 26, 1984.

---

1. While the requirements of Fed.R.Crim.P. 11 are not applicable to state proceedings, we strongly urge state courts to consider developing the record fully along the lines of Rule 11 to ensure that the record reflects a criminal defendant's knowing and voluntary waiver of his constitutional rights. *See Wabasha v. Solem*, 694 F.2d at 159–61 (Lay, C.J., dissenting).

Stinson, Mag & Fizzell, George E. Feldmiller, David E. Everson, Jr., Charles W. German, Kansas City, Mo., for appellee.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Robert A. Bernstein, Steven I. Frahm, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellant; Robert G. Ulrich, U.S. Atty., Kansas City, Mo., of counsel.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

FAGG, Circuit Judge.

Midwest Research Institute (MRI) is a non-profit scientific research organization whose tax exemption under 26 U.S.C. § 501(c)(3) is not challenged. The question in this case is whether MRI may recover taxes paid on income it realized from conducting projects for private sponsors on a fee basis. The Internal Revenue Service collected the funds under 26 U.S.C. § 511–513 as tax on income from an unrelated business conducted by a tax-exempt organization.

The district court held that income from the majority of the privately sponsored projects was not taxable as unrelated business income, but that income arising from the remainder of the disputed projects constituted unrelated business taxable income. *Midwest Research Institute v. United States*, 554 F.Supp. 1379 (W.D.Mo.1983), *modified*, No. 78–0875–CV–W–2–6 (W.D. Mo. April 15, 1983). MRI's request for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, was denied by the district court.

The government appeals from the district court's determination that completion of most of the projects undertaken for private sponsors was substantially related to MRI's exempt purpose of conducting scientific research for the purpose of aiding the Midwest by encouraging the development of industry in the area, and hence income from these projects was not taxable.

MRI cross-appeals from the district court's conclusion that a few of the privately sponsored projects, involving testing, lubrication of parts, and computer rental, produced taxable income because they did not entail scientific research and their performance by MRI constituted engaging in businesses unrelated to MRI's exempt scientific research purposes. MRI also chal-

lenges the denial of its request for attorney fees, which was based on the district court's determination that the government's position was substantially justified and that special circumstances made an award unjust.

 We have carefully studied the record, including the district court's opinion and the briefs of the parties to the action. The district court's determinations concerning MRI's tax liability represent findings of fact that are not clearly erroneous. Upon considering the government's position in light of *Iowa Express Distribution, Inc. v. NLRB,* 739 F.2d 1305, 1309–10 (8th Cir.1984), we also agree with the district court's decision that the government's position was substantially justified. We thus find no merit in the arguments made for reversal. Affirmed.